**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| Michael Douglas and Dorothy Goodon, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>PurFoods, LLC d/b/a Mom's Meals,<br><br>    Defendant. | Case No. 4:23-cv-00332-RGE-SBJ |
| Clyde Burry, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>PurFoods, LLC d/b/a Mom's Meals,<br><br>    Defendant. | Case No. 4:23-cv-00334-SHL-WPK |
| Dorothy Alexander, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>PurFoods, LLC d/b/a Mom's Meals,<br><br>    Defendant. | Case No. 4:23-cv-00338-RGE-SBJ |
| Stella Keritsis, individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>    Plaintiff, | Case No. 4:23-cv-00339-SHL-WPK |

|  |  |
|---|---|
| v.<br><br>PurFoods, LLC d/b/a Mom's Meals and d/b/a Mom's Meals Nouriscare,<br><br>       Defendant. |  |
| Maria Clements and Johnnie Jones, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>PurFoods, LLC d/b/a Mom's Meals,<br><br>       Defendant. | Case No. 4:23-cv-00340-SHL-SBJ |
| Yolanda Betts, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>PurFoods, LLC d/b/a Mom's Meals,<br><br>       Defendant. | Case No. 4:23-cv-00352-RGE-SBJ |
| Logan Aldridge, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>PurFoods, LLC d/b/a Mom's Meals,<br><br>       Defendant. | Case No. 4:23-cv-00357-RGE-SBJ |

| | |
|---|---|
| Steven D'Angelo, individually and on behalf of all others similarly situated, | Case No. 4:23-cv-00358-RGE-SBJ |
| Plaintiff, | |
| v. | |
| PurFoods, LLC d/b/a Mom's Meals, | |
| Defendant. | |
| Leroy Fuss, individually and on behalf of all others similarly situated, | Case No. 4:23-cv-00360-RGE-SBJ |
| Plaintiff, | |
| v. | |
| PurFoods, LLC d/b/a Mom's Meals, | |
| Defendant. | |
| Ronald Emmert, individually and on behalf of all others similarly situated, | Case No. 4:23-cv-00365-RGE-SBJ |
| Plaintiff, | |
| v. | |
| PurFoods, LLC d/b/a Mom's Meals, | |
| Defendant. | |

## <u>JOINT MOTION TO CONSOLIDATE</u>

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs Michael Douglas and Dorothy

Goodon in the action *Michael Douglas et al v. PurFoods, LLC* (23-cv-00332-RGE-SBJ (filed Sept.

1, 2023))[1], Plaintiff Clyde Burry in the action *Burry v. PurFoods, LLC* (23-cv-00334-SHL-WPK

---

[1] Attached hereto as **Exhibit A**.

(filed Sept. 5, 2023))[2], Plaintiff Dorothy Alexander in the action *Alexander v. PurFoods, LLC* (23-cv-00338-RGE-SBJ (filed Sept. 6, 2023)[3], Plaintiff Stella Keritsis in the action *Keritsis v. PurFoods, LLC* (23-cv-00339-SHL-WPK (filed Sept. 6, 2023))[4], Plaintiffs Maria Clements and Johnnie Jones in the action *Clements v. PurFoods, LLC* (23-cv-00340-SHL-SBJ (filed Sept. 6, 2023))[5], Plaintiff Yolanda Betts in action *Betts v. PurFoods, LLC* (23-cv-00352-RGE-SBJ (filed September 11, 2023))[6], Plaintiff Logan Aldridge in the action *Aldridge v. PurFoods, LLC* (23-cv-00357-RGE-SBJ (filed September 13, 2023))[7], Plaintiff Steven D'Angelo in the action *D'Angelo v. PurFoods, LLC* (23-cv-00358-RGE-SBJ (filed September 13, 2023))[8], Plaintiff Leroy Fuss in the action *Fuss v. PurFoods, LLC* (23-cv-00360-RGE-SBJ (filed September 14, 2023))[9], and Plaintiff Ronald Emmert in the action *Emmert v. PurFoods, LLC* (23-cv-00365-RGE-SBJ (filed September 19, 2023))[10] (collectively, "Plaintiffs") and Defendant PurFoods, LLC d/b/a Mom's Meals ("PurFoods" or "Defendant") move to consolidate the above-captioned cases arising from a breach of Defendant's information systems. Each of these ten related actions (collectively, the "Related Actions") currently is pending in the United States District Court for the Southern District of Iowa, and each arises from the same operative facts: a cyberattack and data breach of Defendant's computer systems announced on or about August 25, 2023. Plaintiffs in each of the Related Actions and Defendant jointly and respectfully request that this Court grant this Joint Motion to Consolidate.  A proposed order is submitted herewith for the Court's consideration.

## I.      LEGAL STANDARD

---

[2] Attached hereto as **Exhibit B**.
[3] Attached hereto as **Exhibit C**.
[4] Attached hereto as **Exhibit D**.
[5] Attached hereto as **Exhibit E**.
[6] Attached hereto as **Exhibit F**.
[7] Attached hereto as **Exhibit G.**
[8] Attached hereto as **Exhibit H**.
[9] Attached hereto as **Exhibit I**.
[10] Attached hereto as **Exhibit J**.

Fed. R. Civ. P. 42(a)(2) authorizes the consolidation of related actions pending in the same court if they "involve a common question of law or fact." Because these five Related Actions arise from the same cyberattack, consolidation is appropriate:

> Consolidation has historically been 'a matter of convenience and economy in administration,' *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933), and has as its purposes the avoidance of unnecessary cost or delay. *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998). Consolidation is inappropriate if it leads in the opposite direction, 'to inefficiency, inconvenience or unfair prejudice to a party.' *Id.* at 551.

*EEOC v. Von Maur, Inc.*, 237 F.R.D. 195, 197 (S.D. Iowa 2006).

Rule 42(2) "should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." *Bendzak v. Midland Nat. Life Ins. Co.*, 240 F.R.D. 449, 450 (S.D. Iowa 2007) (quoting *Devlin v. Transp. Comm's Intl. Union*, 175 F.3d 121, 130 (2nd Cir. 1999)). The touchstone of whether consolidation should be granted begins with a determination that the actions share a common question of law or fact. *Id.* at 450-51 (consolidating putative class actions because they asserted "essentially identical or overlapping claims and involve[d] common issues of law and fact" against the same defendant). Whether to consolidate actions is vested in the court's discretion. *Von Maur*, 237 F.R.D. at 197.

## II.   **ARGUMENT**

### A.   **Plaintiffs' Common Factual Allegations**

Plaintiffs in the Related Actions allege that their sensitive and private information was compromised in the same data breach arising from a cyberattack on Defendant's computer systems (the "Data Breach"). All Plaintiffs are individuals who allege that they received a data breach notice letter from PurFoods and are victims of the Data Breach. (*Douglas*, Ex. A at ¶¶ 11-12,

*Burry*, Ex. B at ¶ 20, *Alexander*, Ex. C at ¶ 158, *Keritsis*, Ex. D at ¶ 66, *Clements*, Ex. E at ¶¶ 96, 109, *Betts*, Ex. F at ¶ 138, *Aldridge*, Ex. G at ¶ 138, *D'Angelo*, Ex. H at ¶ 47, *Fuss*, Ex. I at ¶ 9, *Emmert*, Ex. J at ¶ 19). The categories of information allegedly compromised in the Breach include: names, dates of birth, addresses, health insurance information, medical record numbers, and certain protected health information ("Private Information"). (*Douglas*, Ex. A at ¶ 2, *Burry*, Ex. B at ¶ 7, *Alexander*, Ex. C at ¶ 2, *Keritsis*, Ex. D at ¶ 1, *Clements*, Ex. E at ¶ 1, *Betts*, Ex. F at ¶ 1, *Aldridge*, Ex. G at ¶ 1, *D'Angelo*, Ex. H at ¶ 1, *Fuss*, Ex. I at ¶ 1, *Emmert*, Ex. I at ¶ 1). Furthermore, Plaintiffs allege that Defendant's cybersecurity failures put Plaintiffs' and Class members' Private Information at risk in the event of a data breach, a risk that came to pass when malevolent actors penetrated Defendant's systems on or around January 16, 2023. (*Douglas*, Ex. A at ¶ 3, *Burry*, Ex. B at ¶ 4, *Alexander*, Ex. C at ¶ 5, *Keritsis*, Ex. D at ¶ 1, *Clements*, Ex. E at ¶ 5, *Betts*, Ex. F at ¶ 52, *Aldridge*, Ex. G at ¶ 52, *D'Angelo*, Ex. H at ¶ 32, *Fuss*, Ex. I at ¶ 52, *Emmert*, Ex. I at ¶ 1). PurFoods disputes these allegations and disputes that the claims can be certified as a class action.

### B. Plaintiffs' Common Liability Allegations

Plaintiffs in the Related Actions submit that they advance common theories of liability, including the following causes of action: (i) negligence, (ii) negligence per se, (iii) breach of implied contract, (iv) unjust enrichment, (v) violation of state consumer protection laws, (vi) violation of state data breach notification laws, (vii) bailment, (viii) breach of the implied convent of good faith and fair dealing, (ix) breach of confidence, (x) breach of fiduciary duty, (xi) invasion of privacy / intrusion upon seclusion, and (xii) declaratory judgment. Once the Court permits consolidation, Plaintiffs will work together to prepare and file a consolidated complaint on behalf of all Plaintiffs and the putative Class.

**C.        Plaintiffs Seek Common Remedies on Behalf of Overlapping Classes**

The Related Actions seek nationwide class action treatment and the same type of remedies and compensation for individuals allegedly impacted by the Data Breach. The remedies collectively include compensatory damages related to economic losses allegedly caused by the cyberattack; and equitable and injunctive relief enjoining Defendant from engaging in future wrongful conduct and remediating their cybersecurity policies and practices. (*Douglas*, Ex. A at Prayer for Relief, *Burry*, Ex. B at Prayer for Relief, *Alexander*, Ex. C at Prayer for Relief, *Keritsis*, Ex. D at Prayer for Relief, *Clements*, Ex. E at Prayer for Relief, *Betts*, Ex. F at Prayer for Relief, *Aldridge*, Ex. G at Prayer for Relief, *D'Angelo*, Ex. H at Prayer for Relief, *Fuss*, Ex. I at Prayer for Relief, *Emmert*, Ex. I at Prayer for Relief). Furthermore, Plaintiffs each seek to certify nationwide classes with substantially similar class definitions:

| *Case Name* | *Class Definition* |
| --- | --- |
| Douglas (Ex. A, ¶¶ 107-108) | Nationwide Class: All persons in the United States whose Private Information was accessed in the Data Breach.<br><br>Alternative Iowa Subclass: All persons who are residents of the State of Iowa whose Private Information was accessed in the Data Breach. |
| Burry (Ex. B, ¶ 32) | Nationwide Class: All individuals within the United States of America whose PHI was exposed to unauthorized third-parties as a result of the data breach experienced by Defendant on January 16, 2023. |
| Alexander (Ex. C, ¶ 167) | Nationwide Class: All individuals within the United States of America whose Private Information was impacted as a result of the Data Breach. |
| Keritsis (Ex. D, ¶¶ 103-104) | Nationwide Class: All individuals whose PII and PHI may have been accessed and/or acquired in the Data Breach that is subject of the Notice of Data Breach that Defendant sent Plaintiff and Class Members on or around August 2023. |

| | |
|---|---|
| | Alternative State Subclass: All residents of [name of State] whose Personal Information was compromised by the Data Breach. |
| Clements (Ex. E, ¶ 136) | Nationwide Class: All individuals within the United States of America who had Private Information accessed and/or acquired as a result of the Data Breach, including all who were sent a notice of the Data Breach.<br><br>Alternative California Subclass: All residents of California who had Private Information accessed and/or acquired as a result of the Data Breach, including all who were sent a notice of the Data Breach.<br><br>Alternative Georgia Subclass: All residents of Georgia who had Private Information accessed and/or acquired as a result of the Data Breach, including all who were sent a notice of the Data Breach. |
| Betts (Ex. F ¶ 160) | Nationwide Class: All individuals in the United States whose Private Information was compromised in the Data Breach by unauthorized persons, including all persons who were sent a notice of the Data Breach. |
| Aldridge (Ex. G ¶ 160) | Nationwide Class: All individuals in the United States whose Private Information was compromised in the Data Breach by unauthorized persons, including all persons who were sent a notice of the Data Breach. |
| D'Angelo (Ex. H ¶ 56) | Nationwide Class: All individuals in the United States whose Private Information was impacted as a result of the Data Breach. |
| Fuss (Ex. I ¶ 143) | Nationwide Class: All residents of the United States whose PII or PHI was accessed or otherwise compromised as a result of the PurFoods Data Breach.<br><br>Pennsylvania Class: All residents of the state of Pennsylvania whose PII or PHI was accessed or otherwise compromised as a result of the PurFoods Data Breach |

| | |
|---|---|
| Emmert (Ex. J ¶ 27) | Nationwide Class: All individuals within the United States of America whose PHI/PII was exposed to unauthorized third parties as a result of the data breach allegedly discovered by Defendant on February 22, 2023. |

These substantially similar class definitions support consolidation.

### D.    The Related Actions Should be Consolidated to Promote Judicial Economy and to Avoid Unnecessary Cost and Delay

Consolidation is a procedural device designed to promote judicial economy and eliminate unnecessary repetition and confusion. *Bendzak*, 240 F.R.D. at 450. Consolidation of the Related Actions would obviate any unnecessary waste of resources associated with proceeding with ten related, but unconsolidated, cases. Further, consolidation is justified, as the actions raise a common question of law or fact because they arise from the same underlying cyberattack and involve the same defendant. (*See generally, Douglas*, Ex. A, *Burry*, Ex. B, *Alexander*, Ex. C, *Keritsis*, Ex. D, *Clements*, Ex. E, *Betts*, Ex. F, *Aldridge*, Ex. G, *D'Angelo*, Ex. H, *Fuss*, Ex. I, *Emmert*, Ex. I).

Undersigned Plaintiffs' counsel in each Related Action anticipate that the Related Actions will involve substantially the same discovery from PurFoods and that consolidation would ensure efficiency and consistency in judicial rulings while reducing delay and attendant litigation costs. Furthermore, the Related Actions are in their infancy—the optimal time to seek consolidation while avoiding needless delay. Last, the parties will remain in the same venue and litigate the same motions as they would otherwise, but they and the Court will be spared the inconvenience and unnecessary expense of briefing and arguing the same issues across multiple actions. Accordingly, consolidation will not cause any undue inconvenience, expense, or delay.

**E.      Future-Filed Related Cases Should Be Consolidated**

The question as to whether actions should be consolidated for trial is largely within the discretion of the trial court.  *See, e.g.*, *Bendzak*, 240 F.R.D. at 450.  To ensure continued judicial efficiency, all parties jointly and respectfully request that the Court order that any future actions that are filed or transferred to this Court and are based on the same or similar facts and circumstances be consolidated in the proposed master action: *In re: PurFoods Data Security Litigation*, Case No. 4:23-cv-00332-RGE-SBJ.

**F.      Stay Pending the Court's Determination of the Motion to Consolidate and Appointment of Interim Lead Counsel**

The Parties also seek to stay all case deadlines in the Related Actions during the pendency of this Motion, including deadlines for Defendant to respond to the respective Complaints.

The Parties respectfully request that the Court enter the initial deadlines set forth below in an order consolidating the Related Actions.

**III.    CONCLUSION**

For all the foregoing reasons, the Parties jointly and respectfully request that the Court enter an order:

1)      Consolidating the Related Actions in the first-filed case: *Michael Douglas et al v. PurFoods, LLC* (23-cv-00332-RGE-SBJ), under the master case caption *In re: PurFoods, Inc. Data Security Litigation*, No. 23-cv-0032-RGE-SBJ;

2)      Striking all pending deadlines in each of the Related Actions, including any deadlines imposed by Federal Rule of Civil Procedure 16(b) and Local Rule 16;

3)      Consolidating any future case that arises out of the same subject matter as the Related Actions;

4)      Setting a deadline of forty-five (45) days following the entry of the order consolidating the Related Actions for Plaintiffs to file a consolidated complaint; and

5)      Setting a deadline of sixty (60) days following the filing of Plaintiffs' consolidated complaint for Defendants' response to the consolidated complaint.

Dated: October 6, 2023                          By: /s/ *J. Barton Goplerud*
                                                J. Barton Goplerud
                                                Brian O. Marty
                                                SHINDLER ANDERSON GOPLERUD &
                                                WEESE P.C.
                                                5015 Grand Ridge Dr. Ste 100
                                                West Des Moines, IA 50265
                                                Telephone: (515) 223-4567
                                                goplerud@sagwlaw.com
                                                marty@sagwlaw.com

                                                Daniel O. Herrera*
                                                Nickolas J. Hagman (admitted *pro hac vice*)
                                                CAFFERTY CLOBES MERIWETHER &
                                                SPRENGEL, LLP
                                                135 S. LaSalle, Suite 3210
                                                Chicago, Illinois 60603
                                                Telephone: (312) 782-4880
                                                dherrera@caffertyclobes.com
                                                nhagman@caffertyclobes.com

                                                J. Barton Goplerud
                                                Brian O. Marty
                                                SHINDLER ANDERSON GOPLERUD &
                                                WEESE P.C.
                                                5015 Grand Ridge Dr. Ste 100
                                                West Des Moines, IA 50265
                                                Telephone: (515) 223-4567
                                                goplerud@sagwlaw.com
                                                marty@sagwlaw.com

                                                *Attorneys for Plaintiff Michael Douglas and
                                                Dorothy Goodon*

                                                David K. Lietz*
                                                Gary M. Klinger*
                                                **MILBERG COLEMAN BRYSON
                                                PHILLIPS GROSSMAN, LLC**
                                                5335 Wisconsin Avenue NW
                                                Washington, D.C. 20015-2052
                                                Telephone: (866) 252-0878
                                                Facsimile: (202) 686-2877
                                                dlietz@milberg.com
                                                gklinger@milberg.com

*Attorneys for Plaintiff Dorothy Alexander*

Mason A. Barney*
Tyler J. Bean*
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
E: mbarney@sirillp.com
E: tbean@sirillp.com

*Attorneys for Plaintiffs Maria Clements and
Johnnie Jones*

William B. Federman *
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
*wbf@federmanlaw.com*

*Attorney for Plaintiff Stella Keritsis*

Kevin Laukaitis*
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
T: (215) 789-4462
klaukaitis@laukaitislaw.com

*Attorney for Plaintiff Clyde Burry*

David S. Almeida*
Elena A. Belov*
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Tel: (312) 576-3024
david@almeidalawgroup.com
elena@almeidalawgroup.com

*Attorney for Plaintiff Yolanda Betts*

Timothy M. Hansen, AT0010747
**HANSEN REYNOLDS LLC**

301 N. Broadway, #400
Milwaukee, WI 53202
Tel: (414) 273-8473
thansen@hansenreynolds.com

*Attorney for Plaintiff Logan Aldridge*

William "Billy" Peerce Howard, Esq. *
Florida Bar No. 0103330
Amanda J. Allen, Esq.
Florida Bar No. 0098228
**THE CONSUMER PROTECTION FIRM**
401 East Jackson Street, Suite 2340
TRUIST PLACE
Tampa, FL 33602
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Billy@TheConsumerProtectionFirm.com

*Attorney for Plaintiff Steven D'Angelo*

**BARRACK, RODOS & BACINE**
Stephen R. Basser*
Samuel M. Ward*
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874
sbasser@barrack.com
sward@barrack.com

**EMERSON FIRM, PLLC**
John G. Emerson*
2500 Wilcrest, Suite 300
Houston, TX 77042
Phone: 800-551-8649
Fax: 501-286-4659
jemerson@emersonfirm.com

*Attorney for Plaintiff Leroy Fuss*

Laura Van Note, Esq.*
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800

Facsimile: (510) 891-7030
Email: lvn@colevannote.com

*Attorney for Plaintiff Ronald Emmert*

**Pro Hac Vice* Admission Forthcoming

-and-

 /s/ Matthew A. McGuire
Michael W. Thrall, AT0007975
Matthew A. McGuire, AT0011932
**NYEMASTER GOODE P.C.**
700 Walnut Street, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Fax: 515-283-3189
mwt@nyemaster.com
mmcguire@nyemaster.com

**ATTORNEYS FOR DEFENDANT
PURFOODS, LLC**